UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-20122-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAYLA DENICE WELCH,

    Defendant.
_____/

## OMNIBUS ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND CORRECTED MOTION FOR A NEW TRIAL

**THIS CAUSE** is before the Court upon two separate Motions. First, Defendant Jayla Denice Welch's ("Defendant") Motion for Judgment of Acquittal ("Motion for Acquittal"), ECF No. [196], filed on March 28, 2024; the Government filed a Response in Opposition, ECF No. [238], to which Defendant filed a Reply, ECF No. [240]. Second, Defendant's Corrected Motion for a New Trial ("Motion for New Trial"), ECF No. [198], filed on March 29, 2024; the Government filed a Response in Opposition, ECF No. [212]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion for Acquittal, ECF No. [196] is denied, and Defendant's Motion for New Trial, ECF No. [198] is denied.

**I.   BACKGROUND**

On March 21, 2023, Defendant[1] was charged by Indictment with four Counts:

Count 1: Conspiracy to commit sex trafficking, in violation of 18 U.S.C § 1594(c);
Count 2: Sex trafficking of a minor, in violation of 18 U.S.C § 1591;

---
[1] Defendant was charged with Codefendant Xavier Latrell Smith ("Codefendant") on Counts 1-4. Codefendant was also charged with two additional Counts, commissions of sex offenses by a registered sex offender in Counts 5 and 6 of the Indictment. ECF No. [3] at 4.

> Count 3: Transporting a minor to engage in sexual activity, in violation of 18 U.S.C. § 2423(a); and
> Count 4: Coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

*See generally*, ECF No. [3].

The Counts were based upon allegations that Defendant, along with Codefendant, trafficked Minor Victim[2] through Texas, Louisiana, and Florida to engage in commercial sex. Minor Victim's mother reported her as a runaway, and the National Center for Missing and Exploited Children identified Minor Victim through an online sex advertisement. ECF No. [58] at 6. The online advertisements led law enforcement to Minor Victim and led to the arrest of both Defendant and Codefendant. *Id*. at 11.

Defendant proceeded to a trial on all four Counts against her, and on March 8, 2024, the Jury returned a verdict of guilty on each of Counts 1-4. ECF Nos. [169], [174]. Following the Jury's verdict, Defendant filed her Motion for Acquittal and Motion for New Trial, challenging the guilty verdicts against her.

Pertaining to Defendant's Motion for Acquittal, Defendant argues that acquittal is warranted because she was a sex trafficking victim, not a coconspirator (Count 1); Defendant did not exert control over Minor Victim and the two were akin to "coworkers" (Count 2); Defendant did not have a driver's license and no evidence was introduced at trial to show that she could in fact drive a car, therefore the evidence was insufficient for a guilty verdict as to transportation of a minor (Count 3); and because prior to meeting Defendant, Minor Victim was already engaged in commercial sex, therefore, Defendant did not coerce or entice Minor Victim to engage in commercial sex (Count 4). *See generally* ECF No. [196].

---

[2] On April 21, 2023, and June 26, 2023, this Court entered Protective Orders to protect the Minor Victim from any public or general disclosures. She is referred to as Minor Victim in filings. ECF Nos. [20], [38].

Case No. 23-cr-20122-BLOOM

The Government responds that Defendant's Motion for Acquittal fails to show that a reasonable jury could not have found Defendant guilty beyond a reasonable doubt as to Counts 1-4. The Government contends, as the Jury found, that Defendant was a willing coconspirator in the unlawful plan (Count 1); Defendant knew or acted in reckless disregard for the fact that Minor Victim had not reached eighteen years of age, a minor can never consent to commercial sex, and force, fraud, and coercion need not be proven to be found guilty of sex trafficking of a minor (Count 2); Defendant transported Minor Victim in interstate commerce, which does not require being the actual driver of a vehicle (Count 3); and Defendant's conduct, such as providing drugs and a place for Minor Victim to live both enticed and induced Minor Victim to engage in sexual activity (Count 4). *See generally*, ECF No. [238].

Defendant replies that the Government ignored that she never received a financial benefit from the commercial sex at issue in this case, and that Defendant, like Minor Victim, worked for the Codefendant and should therefore be acquitted on Count 1. ECF No. [240] at 2. As to Counts 2-4, Defendant presents no new arguments. *See id. generally*.

Next, Defendant argues her Motion for New Trial is warranted because (1) the Court declined to grant her unopposed motion to continue the trial; and (2) the key government witness, Minor Victim, lacked credibility. ECF No. [198] at 2, 8, 11. The Government responds that denial of the motion to continue trial did not result in specific substantial prejudice to Defendant, Minor Victim was credible, and her testimony was corroborated by evidence introduced at trial. ECF No. [212] at 5, 7.

## II.   LEGAL STANDARD

### A.  Motion for Judgment of Acquittal

Under Rule 29(c) of the Federal Rules of Criminal Procedure, a Defendant may move for

3

a judgment of acquittal after a jury verdict or discharge.

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Fed. R. Crim. P. 29(c).

When deciding a motion under Rule 29, the district court must determine "whether the evidence, examined in the light most favorable to the Government, was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." *United States v. Williams*, 390 F.3d 1319, 1323-24 (11th Cir. 2004) (citing *United States v. Varkonyi*, 611 F.2d 84, 85-86 (5th Cir. 1980)). Thus, the test is whether a reasonable jury could find, beyond a reasonable doubt, that the defendant is guilty of violating the statutes alleged in the indictment. *United States v. Macko*, 994 F.2d 1526, 1532 (11th Cir. 1993). Applying this test, "[a]ll credibility choices must be made in support of the jury's verdict." *Williams*, 390 F.3d at 1323 (citing *United States v. Gianni*, 678 F.2d 956, 958-59 (11th Cir. 1982) and *United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979)). Because a jury may choose among reasonable constructions of the evidence, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Id.* at 1323-24 (quoting *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990); *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983)). "A conviction must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt."

*United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012) (citation omitted).

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "'When considering a motion for a new trial, the district court may weigh the evidence and consider the credibility of the witnesses.'" *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019) (quoting *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015)). "A motion for a new trial based on the weight of the evidence is 'not favored' and is reserved for 'really exceptional cases." *Id.* at 1297 (quoting *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985)). "The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Martinez*, 763 F.2d at 1312-13. "[T]o warrant a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Witt*, 43 F.4th 1188, 1194 (11th Cir. 2022); *Brown*, 934 F.3d at 1297; *Martinez*, 763 F.2d 1313.

A district court may grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For instance, a party may assert that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Thus, a motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (per curiam) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)). Additionally, the

motion "may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Id.* "[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her] . . . ." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x. 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360, 1366 n. 4 (11th Cir. 2006)). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

### III. DISCUSSION

#### A. Defendant's Motion for Judgment of Acquittal

##### i. Count 1: Conspiracy to Commit Sex Trafficking in Violation of 18 U.S.C. § 1594(c)

Defendant moves for a judgment of acquittal on Count 1, conspiracy to commit sex trafficking of a minor, because she was "barely not a minor," lacked intent, and "was clearly being trafficked herself by Codefendant," a fact she contends was made plain in the evidence at trial. ECF No. [196] at 5-6. Defendant argues "if [she] lacked criminal intent, there can be no agreement to commit the crime" and that her role, in context and relation to the rest of the evidence at trial, was "less clear." *Id*. at 6. Defendant also argues it was the Government's burden to prove Defendant has the specific intent to commit the object of the offense, sex trafficking. *Id*. Instead, Defendant contends Codefendant was the trafficker, and Minor Victim sought Defendant's help in securing Codefendant as her pimp; all other aspects of the conspiracy were controlled by Codefendant who made all decisions. *Id*. As such, Defendant argues she should be acquitted on Count 1. ECF No. [196] at 7.

The Government responds that coconspirators do not need to be equals to be found guilty of a conspiracy. ECF No. [238] at 5. Even a minor role in the unlawful plan is sufficient for the

6

Jury to have found Defendant guilty of the conspiracy offense in Count 1 if she had a "general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion." ECF No. [238] at 5. The Government argues Defendant's knowledge of the unlawful plan and her willingness to participate is highlighted in a text message sent from Defendant to Codefendant. *Id*. at 6. The Government also reasons Defendant's actions were that of a coconspirator, not of an innocent victim nor a minor player, as supported by various exhibits admitted into evidence at trial. Furthermore, the Government notes the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, or maintain Minor Victim, and sufficient evidence was introduced at trial to support a guilty verdict on that count. *Id*. at 7.

Defendant replies that while the Government introduced evidence that Defendant made a reservation and paid for a hotel room "on one occasion. . . . the defendant was caused to do so" by Codefendant and she was not the source of the funds. ECF No. [240] at 2. Next, Defendant argues the text message referenced by the Government "is subject to numerous interpretations" and was in furtherance of the sex trafficking the Defendant experienced, not Minor Victim. *Id*.

Defendant's challenges regarding the sufficiency of the evidence as to intent fails. As is well established in the Eleventh Circuit, "[a] jury is free to choose among reasonable constructions of the evidence." *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004) (citing *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir.1983)). Government Exhibit 85 is a text message sent from Defendant to Codefendant stating in part: "*im taking risk. . .im willing too go too jail behind you.*" ECF No. [238] at 6. While Defendant acknowledges the text message in evidence is "subject to numerous interpretations," Defendant does not indicate why it was therefore unreasonable for the Jury to infer that the Defendant had knowledge of and willingly participated in the unlawful plan based upon her statements, specifically her willingness to engage in unlawful

conduct, in Government Exhibit 85. ECF No. [240] at 2. The statement from the text message undercuts Defendant's argument that she lacked both the criminal intent and specific intent to commit the offense of the conspiracy, sex trafficking of a minor. That was a reasonable construction of the evidence from which the jury was free to infer guilt. *United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012).

Defendant's contention that she was a victim of sex trafficking, and therefore could not be found guilty of conspiracy, was a theory the Jury chose to disbelieve. That was also a reasonable construction of the evidence which does not warrant a judgment of acquittal on Count 1.

Instead, examining the evidence "in the light most favorable to the Government," as the Court must, *Williams*, 390 F.3d at 1323- 24, it was reasonable for the Jury to find Defendant agreed to accomplish a shared and unlawful plan, Defendant knew of the unlawful purpose and still willfully joined, and that the object of the plan was to recruit, entice, harbor, transport, provide, obtain, or maintain by any means, a person, knowing or in reckless disregard for the fact that such person has not attained the age of eighteen. 18 U.S.C. § 1594, 1591. In her Motion, Defendant conceded she "may have advanced the purpose of the trafficking of [Minor Victim]" and that acknowledgment is enough under *Ignasiak*. 667 F.3d at 1227 ("A conviction must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt."). Accordingly, Defendant's Motion for Acquittal as to Count 1 is denied.

ii. **Count 2: Sex Trafficking of a Minor in Violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c), and (2)**

Defendant argues she should be acquitted of Count 2 because she and Minor Victim were akin to "coworkers," Defendant did not have a supervisory role, nor exercised control over Minor Victim, and did not threaten violence. ECF No. [196] at 8. Instead, Defendant contends Minor

8

Victim sought Defendant's guidance seeking "someone that could take care of her the way her prior pimp had but without the violence that she was subjected to." *Id*. Finally, Defendant argues the evidence and testimony at trial indicates Defendant was a trafficking victim, not a person guilty of trafficking a minor. *Id*.

The Government responds that sex trafficking of a minor does not require proof that the Defendant used "force, fraud, or coercion." ECF No. [238] at 8. Moreover, the Government argues that a minor can never consent to participating in commercial sex. *Id*. The Government relies on evidence it used to establish guilt in Count 1 and adds that Defendant's conduct affected interstate commerce. *Id*. Specifically, the Government points to Defendant's use of her phone to promote the sex advertisements of Minor Victim, and that she booked, checked into, and paid for at least one hotel during the multi-state trip undertaken by the Minor Victim, Defendant, and Codefendant: those were all specific actions in or affecting interstate commerce. *Id*. Defendant does not offer any new arguments in reply. ECF No. [240] at 3.

Defendant's Motion for Judgment of Acquittal with respect to Count 2 is without merit. A jury may choose among reasonable constructions of the evidence, and "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence . . . provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Williams*, 390 F.3d 1319, 1323-24 (11th Cir. 2004). Defendant has failed to show why contending she was a trafficking victim is a reasonable hypothesis of innocence sufficient to set aside the Jury's verdict. It was a theory that the Jury chose to disbelieve which, as a reasonable construction of the evidence, must be accepted.

Defendant's argument that there was an absence of violence or a scheme to inflict violence or harm on Minor Victim has no bearing on her guilt as to Count 2 and is therefore not a reason to

9

set aside the Jury's verdict. Harm and threats of harm are not requirements for violation of the statute. *See* 18 U.S.C. § 1591(a)(1), (b)(2), and (c). Similarly, whether Defendant financially benefitted from the commercial sex at issue is not necessary for a finding of guilt under § 1591(a)(1). A financial benefit is only required to establish a violation of § 1591(a)(2) which is not included in the Indictment as to Count 2.

For these reasons, "the evidence examined in the light most favorable to the Government, was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." *Williams*, 390 F.3d at 1323-24 (citation omitted). Defendant has failed to demonstrate why she should be acquitted as to Count 2, and her Motion for Judgment of Acquittal on this Count is denied.

### iii. Count 3: Transporting a Minor to Engage in Sexual Activity in Violation of 18 U.S.C. § 2423(a)

Defendant moves for acquittal on Count 3 arguing that she did not have a driver's license to support a guilty verdict nor was there evidence introduced that Defendant could drive a vehicle. ECF No. [196] at 10. Defendant argues the only testimony to support the transportation charge against her came from Minor Victim who testified that Defendant drove from Louisiana to Pensacola, Florida, but failed to mention doing so requires driving through Mississippi and Alabama. *Id*. Furthermore, Defendant notes all direct evidence at trial showed Codefendant was the driver, the car was his, and there is no law enforcement surveillance showing Defendant as the driver. *Id*. For these reasons, Defendant argues there was a lack of evidence to support Count 3 and acquittal is warranted.

The Government responds that Minor Victim's unimpeached testimony at trial that Defendant drove from Louisiana to Pensacola, Florida included specific details about the weather which gave credibility to her testimony. ECF No. [238] at 10. The Government argues that the

evidence introduced at trial provided a reasonable inference that Defendant "had the intent to drive Minor Victim across state lines to engage in commercial sex." *Id*. Furthermore, the Government notes that the jury instructions did not require Defendant to have physically driven the car herself, but to "cause someone to be moved or carried" between states. *Id*. at 9.

Defendant's argument that she lacked a driver's license and that the Government failed to prove that she had the ability to drive is insufficient to justify acquittal. A jury may choose among reasonable constructions of the evidence, which includes a conclusion that Defendant drove a vehicle notwithstanding her lack of a driver's license and drove a car owned by Codefendant. Defendant fails to show why either determination is not a reasonable construction of the evidence by the Jury. Moreover, 18 U.S.C. § 2423(a) is not limited to the driver of a vehicle who is also the owner of the vehicle used to transport a minor, nor has Defendant supported her argument with legal support. In the Eleventh Circuit, a defendant need not physically drive a car or otherwise operate a vehicle or airplane to be found guilty by a jury of transporting a minor to engage in sexual activity. *See e.g. United States v. Gonzalez*, No. 21-13950, 2023 WL 3376578 (11th Cir. 2023) (finding evidence sufficient to support a guilty verdict under 18 U.S.C. § 2423(a) where the defendant purchased a plane ticket for a minor and "part of the reason she traveled was to engage in sexual activity[.]").

Finally, Minor Victim's testimony that Defendant drove the car from Louisiana to Florida was accepted by the Jury, and "[t]he jury was entitled to believe as much or as little of the witness['] testimony as it found credible." *United States v. Matthews*, 431 F.3d 1296, 1312 (11th Cir. 2005). Defendant's argument that Minor Victim's testimony failed to note that this drive also required driving through Mississippi and Alabama fails to demonstrate that there was no reasonable construction of this evidence from which the Jury could have found Defendant guilty.

*See United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012) ("A conviction must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt." (citation omitted)).

As to the element of engaging in sexual activity, the Jury also sufficiently found that Defendant intended Minor Victim to engage in prostitution in interstate commerce. Defendant posted commercial sex advertisements featuring Minor Victim in the various cities along their excursion from Texas to Florida, introduced into evidence as Government Exhibits 16 and 82. The Eleventh Circuit has held that online postings can demonstrate a general intent to cause commercial sex of another. *United States v. Walker*, 73 F.4th 915, 930 (11th Cir. 2023). Defendant has failed to show that there was no reasonable construction of this evidence from which this Jury could have found Defendant guilty beyond a reasonable doubt, and the conviction must be affirmed. *Ignasiak*, 667 F.3d at 1227. Accordingly, Defendant's Motion to Acquit with respect to Count 3 is denied.

    **iv. Count 4: Coercion and Enticement of a Minor to Engage in Sexual Activity in Violation of 18 U.S.C. § 2422(b)**

Defendant moves for acquittal of Count 4 arguing there was no coercion or enticement on her part as she merely "provided [Minor Victim] with the opportunity to 'hook up'" with Codefendant. ECF No. [196] at 11. Specifically, Defendant argues she did not need to coerce or entice Minor Victim into prostitution because she was already engaged in this activity under another person's "supervision." *Id*. Defendant cites to out of circuit cases to reason that the intent of 18 U.S.C. § 2442 is to "prohibit acts that seek to transform or overcome the will of a minor." *See United States v. Zupnick*, 989 F.3d 649, 653 (8th Cir. 2021). Defendant seeks to apply the dictionary definitions for "persuade," "induce," "entice," and "coerce" to show she is not guilty of Count 4 and should be acquitted. ECF No. [196] at 12.

The Government responds that Defendant enticed Minor Victim to work for Codefendant through messages, introducing Minor Victim to Codefendant, and provided her drugs and a place to stay. ECF No. [238] at 10. Moreover, the Government points out that the Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 92.2 define inducement as "to stimulate the occurrence of." *Id*. The Government argues Defendant did so by transporting her between states and booking hotel rooms where the Minor Victim engaged in commercial sex, stimulating the occurrence of that conduct in violation of 18 U.S.C. § 2422(b). *Id*. at 11.

Examining the evidence "in the light most favorable to the Government," as the Court must, *Williams*, 390 F.3d at 1323- 24, the Court finds that the evidence was sufficient to support the Jury's conclusion that Defendant was guilty beyond a reasonable doubt of coercion or enticement of a minor to engage in sexual activity. Defendant booked and otherwise arranged for hotel rooms for the purpose of effecting the commercial sex (Government Exhibits 3, 20, 29, and 43). Defendant also provided Minor Victim use of her "Cash App" account to secure money for the commercial sex (Government Exhibit 63). Defendant "created, published, and bumped Minor Victim's advertisements" for commercial sex covering various cities across state lines (Government Exhibits 16 and 82). Therefore, it was reasonable for the Jury to find that Defendant did more than just permit Minor Victim to initially "hook up" with Codefendant. Instead, it was reasonable for the Jury to find, examining the evidence in the light most favorable to the Government, that Defendant's conduct was in violation of 18 U.S.C. § 2422(b) and that Defendant knowingly persuaded, induced, enticed, or otherwise coerced Minor Victim through means of interstate commerce, and stimulated the occurrence of Minor Victim's engagement in prostitution. Accordingly, there is no basis to acquit Defendant as to Count 4.

### v. Aiding and Abetting Pursuant to 18 U.S.C. § 2

Next, Defendant argues she should not have been considered as having aided and abetted as to Counts 2, 3, and 4 pursuant to 18 U.S.C. § 2 based on the reasons provided in her Motion to Acquit, generally. ECF No. [196] at 13. The Government responds that the evidence supports finding that Defendant did aid and abet Codefendant "on all four counts."[3] Defendant did not reply.

The Court finds that Defendant was an aider and abettor pursuant to 18 U.S.C. § 2 which provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2(a)-(b).

In her Motion for Acquittal, Defendant acknowledges that she "may have advanced the purpose of the trafficking of [Minor Victim]" in her attempt to argue she was not a coconspirator. ECF No. [196] at 7. Her concession that she advanced trafficking therefore supports the finding by the Jury that she aided, abetted, and procured the commission of the offenses in this case. Pertaining to Count 2, sex trafficking of a minor, Defendant's contention that she did not exert control over Minor Victim does demonstrate that there was no reasonable construction of the evidence from which the Jury could have found Defendant guilty of aiding and abetting. As to Count 3, transportation of a minor to engage in sexual activity, Defendant merely argues decision-making power was held by Codefendant, not her. However, that is not enough to find that she did not aid in the offense under § 2. Moreover, Government Exhibits 16 and 82 prove Defendant posted

---

[3] The Grand Jury charged Defendant with aiding and abetting pursuant to 18 U.S.C. § 2 as to Counts 2, 3, and 4, not Count 1. ECF No. [3].

the sex advertisements of Minor Victim for the various cities along their path from Texas to Florida, supporting a finding that she aided and abetted the unlawful activity in Count 3. As to Count 4, coercion and enticement of a minor to engage in sexual activity, Defendant also conceded she "may have provided [Minor Victim] the opportunity to 'hook up'" with the Codefendant, for purposes of sex trafficking as to Count 4. ECF No. [196] at 11. This, too, supports a finding that the Jury's construction of the evidence was reasonable that Defendant willfully and intentionally aided, abetted, and helped procure commission of the offense in Count 4. *See United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012) (citation omitted).

In the Eleventh Circuit, to prove that a defendant is guilty of aiding and abetting pursuant to 18 U.S.C. § 2, the Government must prove (1) the substantive offense was committed by a person; (2) the defendant committed some act which contributed to and furthered the offense; and (3) the defendant intended to aid in the commission of the offense. *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000) (citing *United States v. DePace*, 120 F.3d 233, 238 (11th Cir. 1997)). Defendant's argument she should be acquitted of the aiding and abetting charges relies on the arguments she provided in seeking acquittal of Counts 1, 2, 3, and 4. ECF No. [196] at 13. The Court has found those reasons insufficient to warrant acquittal on the Counts and are similarly insufficient to warrant acquittal as to aiding and abetting. Moreover, the Government has established each element as to Counts 2, 3, and 4. Consequently, Defendant's Motion for Acquittal with respect to aiding and abetting is denied.

### B. Defendant's Motion for New Trial

#### i. Denial of a Continuance Does Not Warrant a New Trial

Defendant argues a new trial is warranted as the Government provided almost 3,000 additional pages of discovery close to trial but the Court denied her motion to continue trial to

permit Defendant's proper review. ECF No. [198] at 3; ECF No. [118]. Defendant reasons that disseminating this discovery "could not be accomplished" as Defendant was released under two bonds, which included Mandatory Adam Walsh Conditions. *Id*. at 4. Those conditions precluded receiving the documents electronically, which also precluded use of a video teleconference to review. *Id*. Defendant points out the Government again provided additional discovery at Calendar Call on February 20, 2023, and an additional 1,000 pages on February 27, 2023. *Id*. at 4-5. Defendant maintains this deprived her of adequate trial preparation, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States, warranting a new trial. *Id*. at 6.

The Government responds that Defendant failed to identify "any relevant evidence that she would have presented at trial had her motion for continuance been granted" which warrants denial of the Motion. ECF No. [212] at 5. Additionally, the Government reasons most of the discovery came from extractions taken of her phone, which was made available to her on June 28, 2023. *Id*. Furthermore, as the protective order was issued on June 26, 2023, Defendant had sufficient time to plan for receipt and review of discovery within the constraints of her bond conditions. *Id*.

Defendant cannot prevail on her Motion for New Trial because she has failed to show that the denial of her Motion to Continue Trial "was an abuse of discretion which resulted in specific substantial prejudice." *United States v. Jeri*, 869 F.3d 1247, 1257 (11th Cir. 2017). A denial of continuance "must be upheld unless the defendant can . . . identify relevant, non-cumulative evidence that would have been presented if [her] request for a continuance had been granted." *Id*. (citing *United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993)). In *Saget*, the Eleventh Circuit found no reversible error when the district court denied a motion to continue trial, holding "[i]n the absence of any proffer of additional evidence that would have been presented by [the

defendant] if granted a continuance, we cannot find any specific or substantial prejudice arising from the district court's denial of [the] motion for a continuance." 991 F.2d at 708.

Here, Defendant is silent as to what if any evidence she might have presented at trial had her continuance been granted. As Defendant wholly failed to make this necessary showing, her Motion for New Trial with respect to the denial of her Motion to Continue is accordingly without merit and denied.

### ii. Credibility of Minor Victim's Testimony

In her Motion for New Trial, Defendant asserts that Minor Victim was "the key government witness [] was not credible." ECF No. [198] at 11. Defendant argues this is enough to warrant a new trial.

The Government responds that Minor Victim was not only credible, but her testimony was corroborated by evidence introduced and admitted at trial. ECF No. [212] at 7. The Government argues Defendant's claims of alleged impeachment are unsupported and there is no basis to set aside the Jury's verdict and grant the Motion for New Trial. *Id*.

The Court does not find that the evidence in this trial pertaining to Minor Victim's credibility "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Witt*, 43 F.4th 1188, 1194 (11th Cir. 2022); *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985). Moreover, Defendant has not shown that this one of the "really exceptional cases" warranting an order setting aside the Jury's verdict and granting a new trial. *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019).

In her Motion, Defendant failed to indicate why Minor Victim was not a credible witness, and failed to provide a single statement at issue, nor any reason why she lacked credibility as a general matter. As Defendant conceded in citing to *Martinez*, in the Eleventh Circuit, it is "only

where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies" that a new trial should be granted based on the weight of the evidence. *Martinez*, 763 F.2d 1312-13. Here, Defendant has not identified any inconsistencies or discrepancies that would warrant such a ruling. Moreover, as the Government points out, Minor Victim's testimony was corroborated with evidence throughout the trial. For example, Government Exhibit 82 corroborated Minor Victim's testimony that Defendant published and bumped the commercial sex ads several times; Government Exhibits 4 and 16 corroborated the testimony that Defendant used her Megapersonals account publish online sex advertisement which caused Minor Victim to engage in commercial sex; and Government Exhibit 20-27 also corroborated Minor Victim's testimony that Defendant rented hotel rooms to harbor her for commercial sex. ECF No. [212] at 7.

The facts in this case are therefore distinguishable from the cases Defendant cited to "as having approval by this Circuit" and do not support her argument. In *United States v. Hurley*, 281 F. Supp. 443 (D. Conn Jan. 25, 1968) a new trial was warranted where the court found that "direct testimony [at trial] was subject to serious impeachment by prior inconsistent statements and by independent evidence." *Id*. at 449. There, the defendant obtained a new trial after he "introduced incontrovertible documentary evidence which supported his testimony to a large degree." *Id*. at 450. *See also United States v. Simms*, 508 F. Supp. 1188, 1207 (W.D. La. June 10, 1980) (granting a new trial when the "government's case depends upon inferences upon inferences drawn from uncorroborated testimony" and where the inferences drawn were from comments that "[could] hardly support the defendant's conviction").

Here, the Government has provided sufficient evidence at trial to corroborate Minor Victim's testimony, wholly unlike the cases Defendant relied upon. Moreover, Minor Victim's

testimony included statements that directly supported Defendant's conviction. Accordingly, Defendant has not met her burden to show that this a "really exceptional case" warranting a new trial.

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Acquittal, **ECF No. [196],** is **DENIED**.

2. Defendant's Motion for New Trial, **ECF No. [198]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 17, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record